UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DARRYL CHADWICH CARTER,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                            25-CV-02095 (LDH) (MMH)

      -against-

CAMBA HOUSING VENTURES, INC.;
SHINDA MANAGEMENT CORPORATION;
CAMBA, INC, DOES 1-10,

                Defendants.
----------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

      Darryl Chadwich Carter ("Plaintiff"), proceeding *pro se*, filed the instant action alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Compl. ¶ 3, ECF No 1.) Plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons discussed below, Plaintiff's Complaint is dismissed without prejudice.

## Background

      Plaintiff is a tenant in an apartment owned by Camba Housing Ventures and managed by Shinda Management Corporation. (*Id.* ¶ 4.) According to Plaintiff, Defendants erroneously claimed that he had a mental health condition, thereby qualifying his apartment to be funded by the Department of Mental Health. (*Id*. ¶¶ 5, 18.) In addition, Plaintiff claims that he made numerous complaints to management regarding noise and maintenance issues in the building. (*Id*. ¶¶ 7-12.) Further, Plaintiff contends that cameras were placed in his apartment and that he "is being watched or monitored on camera constantly as part of a political criminal cover up between the now departed Biden Administration and the, now, Trump Administration." (*Id*. ¶ 17.) He purports that "the Red team" under Trump engaged in "stalking and communicating with plaintiff via shadow communications with the aim and intent of causing plaintiff to leave the country." (*Id*.

1

¶ 19.) Plaintiff further alleges that the government deployed the "Intelligence Community (Civilian Weaponization) to stalk, track, harass, and target" him. (*Id*. ¶ 23.) For relief, Plaintiff seeks numerous declarations. (*Id*., Prayer.)[1] In addition, Plaintiff seeks to enjoin the residential harassment and to obtain monetary damages. (*Id*.)

## Standard of Review

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held "to less stringent standards than pleadings drafted by lawyers," and the Court is required to interpret a *pro se* plaintiff's complaint liberally to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Further, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of their claim against each defendant named so that they have adequate notice of the

---

[1] Plaintiff seeks the following declarations: "a declaration that he is the victim of a well orchestrated political criminal cover up scheme to which CAMBA, CHV, and SHINDA were participants"; "[a] declaration that plaintiff has a cause of action for fraud against the federal government for its role under the outgoing and current administrations for their role in the fraud scheme"; "a declaration that plaintiff arrived at the residence in question owned by CAMBA, by way of a 100% fully paid CityFHEPS voucher, and at no time did plaintiff ever have any mental health condition from which CAMBA, as a beneficiary, per SHINDA and/or CHV's rent collection activities were entitled to collect and receive rents from the City of New York predicated on any type of mental health condition and that doing so constituted fraud"; "a declaration that plaintiff has a cause of action against CAMBA, SHINDA, and/or CHV for its actions and activities with respect to its misrepresentation that plaintiff had any type of mental health condition" which "severely damage[ed] plaintiff's reputation and caus[ed] astounding economic damages"; "a declaration that plaintiff's living arrangements with SHINDA and/or CHV were predicated on fraud and misrepresentation of plaintiff's mental health"; "a declaration that plaintiff's misrepresentations regarding plaintiff[']s mental health entitles plaintiff to an action for fraud"; and "a declaration that CAMBA has abused its 501 (c) status to the detriment of the clients, including plaintiff, it alleges to serve." (Compl., Prayer.)

claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## Discussion

### I. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims

If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))). Plaintiff asserts that the Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1331, which provides the Court "original jurisdiction of all civil actions

3

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004).

A plaintiff properly invokes § 1331 jurisdiction when they plead a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010); *Trisvan v. Kentucky Fried Chicken Corp.,* No. 20-CV-2071, 2020 WL 7404434, at *2 (E.D.N.Y. Dec. 17, 2020). That said, a claim "may be dismissed for want of subject-matter jurisdiction [because] it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh, 546 U.S.* at 513 n.10; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

To the extent Plaintiff seeks to assert that Defendants violated his constitutional rights, the Court liberally construes Plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983"), which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

To state a Section 1983 claim, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely

4

private conduct, no matter how discriminatory or wrongful[.]" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

CAMBA is a private non-profit organization that provides social services, including supportive housing, and does not operate under color of state law.[2] Section 1983 may extend to private individuals or organizations in certain limited circumstances, such as when the private individual is engaged in a "public function" or performs conduct that is "fairly attributable to the state." *See Am. Mfrs. Mut. Ins.*, 526 U.S.at 51, 55. However, a private entity does not become a state actor merely by performing under a state contract or due to "the private entity's creation, funding, licensing, or regulation by the government." *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."). Moreover, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974); *Williams v. B.R.C. of New York*, No. 25-CV-00663, 2025 WL 446237, at *2 (E.D.N.Y. Feb. 10, 2025).

Plaintiff does not assert that CAMBA is a government actor; in fact, he notes that it is a "domestic, not-for-profit corporation." (Compl. ¶ 2.) Nor does he allege that CAMBA performs a public function sufficient to turn the organization or its employees into state actors for purposes of Section 1983 liability. The fact that CAMBA provides social services to the public is insufficient to confer liability under Section 1983. *See Rendell-Baker*, 457 U.S. at 842 ("That a private entity performs a function which serves the public does not make its acts state action."); *see e.g., Jeanty v. City of New York*, No. 23-CV-9472, 2024 WL 5236462, at *37 (E.D.N.Y. Dec.

---

[2] CAMBA, Inc. is a non-profit that provides social service for qualified individuals. *See* camba.org (last visited April 17, 2025).

5

28, 2024) (noting that CAMBA is not a state actor); *Rodriguez v. CAMBA (Where You Can) Supportive Hous.*, No. 23-CV-8088, 2023 WL 8788922, at *3–4 (E.D.N.Y. Dec. 19, 2023) (same). Plaintiff's allegations, even liberally construed, fail to state a claim arising under the Constitution or federal law. *See Ally v. Sukkar*, 128 Fed.Appx. 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction.").

## II.    Plaintiff's Claims are Frivolous

Further, the Court holds that the factual allegations in Plaintiff's complaint lack any basis and do not withstand legal scrutiny under any potentially cognizable claim. "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court cannot find that a cause of action has been alleged. Accordingly, the Court finds that the Plaintiff's complaint lacks any arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325; *Brown v. City of New York*, No. 24-CV-8246, 2025 WL 606155, at *2 (E.D.N.Y. Feb. 25, 2025); *see also Jones v. Queens Cnty. 11th Jud. Dist. Ct.,* No. 25-CV-1417, 2025 WL 845545, at *2 (E.D.N.Y. Mar. 18, 2025) ("Given the implausibility of Plaintiff's allegations, the action cannot proceed.").

6

## Conclusion

Plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction and as frivolous. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).[3] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of the judgment and this Memorandum and Order to the *pro se* Plaintiff, note the mailing on the docket, and close this case.[4]

SO ORDERED.

Dated: Brooklyn, New York  
     July 23, 2025

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[3] Having dismissed the federal claims in this action, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may have. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("a district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C.A. § 1367(c)(3)).

[4] Having dismissed the Complaint, Plaintiff's motion for leave to file a document and motion for a discovery conference are denied as moot.